UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JESSIE LEE BIZZELL,

    Plaintiff,

v.                                    Case No.  4:20-cv-580-MW-MJF

MARK S. INCH, *et al.,*

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This prisoner civil rights case, filed under 42 U.S.C. § 1983, is before the court upon Plaintiff's amended complaint. (Doc. 5). Upon review of the complaint, the undersigned recommends that this case be dismissed as malicious, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1), for Plaintiff's abuse of the judicial process in failing to disclose his litigation history completely and honestly.[1]

### I.    BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Jessie Lee Bizzell (DC# 624756), is a state prisoner confined at Santa Rosa Correctional Institution. (Doc. 5). Bizzell initiated this lawsuit on November 3, 2020, by filing a *pro se* complaint asserting claims under the United States

---

[1] The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

Constitution. (Doc. 1). Bizzell filed his amended complaint on January 11, 2021. (Doc. 5 at 1).² Bizzell's amended complaint names eight Defendants. (*Id*. at 1-3). Bizzell's allegations are difficult to decipher, but it appears that he is claiming that prison and medical officials violated the Eighth Amendment by falsely leading him to believe that he has HIV and cancer, and that they implanted a device in his body to cause him pain and suffering. (*Id*. at 6, 11). Bizzell also alleges that he was awarded a large settlement in a lawsuit against Kuntzman Canson Consultants and 21st Century Oncology Holdings, Inc., and that they were supposed to remove the device in 2018. (*Id*. at 6-7). As relief, Bizzell seeks $1,000,000.00 for pain and suffering, and removal of the device. (*Id*. at 11). Bizzell's amended complaint was accompanied by over 100 pages of exhibits, mostly comprised of grievances he filed with the FDC. (*Id*. at 12-140).

## II.   DISCUSSION

**A.   Screening of Bizzell's Amended Complaint**

The Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104–134, 110 Stat. 1321 (1996), was enacted in "an effort to stem the flood of prisoner lawsuits in federal court." *Harris v. Garner*, 216 F.3d 970, 972 (11th Cir. 2000) (en banc); *see Procup v. Strickland*, 792 F.2d 1069, 1071 (11th Cir. 1986) (per curiam)

---

² Citations to page numbers of Bizzell's amended complaint are to the numbers assigned by this court's Electronic Case Filing system ("ECF").

("Recent years have witnessed an explosion of prisoner litigation in the federal courts."). Under the PLRA, a federal court is required to screen a prisoner complaint to determine whether the action is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A; *see also* 28 U.S.C. § 1915(e)(2)(B) (analogous screening provision of *in forma pauperis* statute).

Courts may "oblige prisoners to supply available information concerning prior lawsuits that concern their incarceration." *In re Epps*, 888 F.2d 964, 969 (2d Cir. 1989). When a complaint form requires a plaintiff to list his litigation history, and the plaintiff's statements are made under penalty of perjury, a plaintiff's affirmative misrepresentation regarding his litigation history constitutes abuse of the judicial process warranting dismissal of the case as "malicious." *See* 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1); *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (holding that dismissal of an action without prejudice as a sanction for a *pro se* prisoner's failure to disclose the existence of a prior lawsuit, where that prisoner was under penalty of perjury, was proper), *abrogated in part on other grounds by Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910 (2007); *see also, e.g.*, *Sears v. Haas*, 509 F. App'x 935, 935-36 (11th Cir. 2013) (holding that dismissal of prisoner-plaintiff's case for abuse of the judicial process under 28 U.S.C. § 1915A(b)(1) was warranted where the prisoner failed to disclose cases he previously filed); *Harris v.*

*Warden*, 498 F. App'x 962, 964-65 (11th Cir. 2012) (same); *Jackson v. Fla. Dep't of Corr.*, 491 F. App'x 129, 132-33 (11th Cir. 2012) (same).

**B.     Bizzell's Disclosures**

In his amended complaint, Bizzell provided answers to Section IV of this court's civil rights complaint form, which requires him to disclose his litigation history. (Doc. 5 at 4-5). Question IV(A) of the complaint form asks, "Have you initiated other actions in **state court** dealing with the same or similar facts/issues involved in this action?" (*Id.* at 4). Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (A), Bizzell marked "Yes," and disclosed one case: his criminal case in Brevard County Circuit Court, Case No. 2008-CF-20542. (*Id.*).

Question IV(B) of the complaint form asks, "Have you initiated other actions in **federal court** dealing with the same or similar facts/issues involved in this action?" (*Id.*). Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (B), Bizzell marked "Yes," and disclosed one case: a habeas corpus action pending in the United States District Court for the Middle District of Florida, Case No: 6:19cv02434-GKS-EJK. (*Id.*).

Question IV(C) of the complaint form asks, "Have you initiated other actions (*besides those listed above in Questions (A) and (B)*) in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus

petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?" (*Id*. at 5). Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (C), Bizzell marked "Yes," and disclosed one case: *Bizzell v. Kuntzman Canson Consultants*, Case No. 17-22770, which was filed in "United States Bankruptcy Court." (*Id*.)

Finally, Question IV(D) of the complaint form asks, "Have you ever had any actions in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service? If so, identify each and every case so dismissed." (*Id*. at 5). Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (D), Bizzell marked "No," and disclosed no cases. (*Id*.).

At the end of the civil rights complaint form, Bizzell signed his name after the following statement: "**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**" (*Id*. at 11). Thus, Bizzell has in effect stated that at the time he signed his amended complaint on January 11, 2021, he had not initiated any other action in federal court that (1) related to the fact of his incarceration, (2) related to the conditions of his confinement, (3)

was dismissed as frivolous or for failure to state a claim, (4) was dismissed prior to service, or (5) dealt with the same or similar facts/issues involved in this action.

## C. Bizzell's Omissions

The court takes judicial notice that, at the time Bizzell filed his amended complaint in this case, he had initiated several other civil actions in federal court that he should have disclosed in response to Questions IV(B), (C) and (D) of the complaint form.

On August 21, 2017, Bizzell initiated a civil rights action under 42 U.S.C. § 1983, in the United States District Court for the Middle District of Florida against a prosecutor and his former trial counsel, challenging the fact of his incarceration. *See Bizzell v. Freeman, et al.*, No. 6:17-cv-01528-PGB-DCI. Specifically, Bizzell claimed that Freeman was ineffective during his representation of Bizzell, and that the prosecutor misrepresented the charges against Bizzell and the possible sentencing outcomes. (*See* Case No. 6:17-cv-01528-PGB-DCI, Docs. 1, 5). The action was dismissed on August 25, 2017, as frivolous and for failure to state a claim. (*Id*. at 5). The lawsuit is attributable to Bizzell insofar as it bears his DC number: 624756. Bizzell did not disclose the lawsuit in his amended complaint. (Doc. 5).

In addition, Bizzell filed at least six habeas corpus petitions in the Middle District of Florida in 2018, 2019 and 2020, that related to the fact of his incarceration:

1. *Bizzell v. Sec'y, Dep't of Corr.*, Case No. 6:18-cv-01686-GKS-T_S;

2. *Bizzell v. Sec'y, Dep't of Corr.*, Case No. 6:19-cv-00179-ACC-DCI;

3. *Bizzell v. Sec'y, Dep't of Corr.*, Case No. 6:19-cv-00855-GKS-LRH;

4. *Bizzell v. Sec'y, Dep't of Corr.*, Case No. 6:19-cv-01871-GKS-GJK;

5. *Bizzell v. Sec'y, Dep't of Corr.*, Case No. 6:19-cv-02108-GAP-EJK;

6. *Bizzell v. Warden, Santa Rosa CI*, Case No. 6:20-cv-01138-PGB-DCI.

All six cases were dismissed prior to service, before Bizzell filed his amended complaint in this case. The habeas actions are attributable to Bizzell insofar as they bear his DC number: 624756. Bizzell did not disclose the habeas actions in his amended complaint. (Doc. 5).

In addition, Bizzell filed at least three lawsuits in the Middle District of Florida against Kuntzman Canson Consultants and 21st Century Oncology Holdings, Inc., that dealt with the same or similar facts/issues involved in this action:

1. *Bizzell v. Kuntzman Canson Consultants, et al.*, Case No. 2:20-cv-00582-SPC-MRM;

2. *Bizzell v. Kuntzman Canson Consultants, et al.*, Case No. 2:20-cv-00597-SPC-MRM; and

3. *Bizzell v. Kuntzman Canson Consultants, et al.*, Case No. 2:20-cv-00894-JLB-NPM.

Each case was dismissed prior to service as duplicative of another action Bizzell filed. The dismissals occurred before Bizzell filed his amended complaint in this case. The civil actions are attributable to Bizzell insofar as they bear his DC

number: 624756. Bizzell did not disclose the civil actions in his amended complaint. (Doc. 5).

Bizzell's omissions violate his duty of candor to this court.

### D. Materiality of Bizzell's Omission

Courts have recognized that information regarding a plaintiff's litigation history is useful to the court:

> [I]t allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the Prison Litigation Reform Act; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the prisoner's current case. All of these things are appropriately considered in connection with the preliminary review of such a complaint under the Prison Litigation Reform Act.

*Spires v. Taylor*, Case No. 3:00-cv-249-RH (N.D. Fla. Oct. 27, 2000) (Order of Dismissal). Also, this "information may assist a court in identifying suits that are repetitious of prior or pending lawsuits and hence frivolous . . . ." *Epps*, 888 F.2d at 969. "Every lawsuit filed, no matter how frivolous or repetitious, requires the investment of court time . . . ." *Procup*, 792 F.2d at 1072.

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup*, 792 F.2d at 1073; *In re Martin-Trigona*, 737 F.2d 1254, 1261-62 (2d Cir. 1984). Similarly, courts have "a responsibility to prevent

single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Procup*, 792 F.2d at 1074. Requiring prisoner-plaintiffs to disclose their record of litigation serves all of these compelling interests. Thus, to conserve judicial resources and effectively manage their dockets, courts are well within their discretion to require *in forma pauperis* prisoner litigants to disclose their litigation history. *See Smith v. Psychiatric Sols., Inc.* 750 F.3d 1253, 1262 (11th Cir. 2014) (noting that district courts have "unquestionable authority to control their own dockets; this authority includes broad discretion in deciding how best to manage the cases before them").

Additionally, because prisoner-plaintiffs generally proceed *pro se*, the information helps the court determine the plaintiff's litigation experience and familiarity with the legal terrain. The time spent verifying the cases a plaintiff has filed but failed to identify can be considerable.

Here, Bizzell falsely responded to questions on the complaint form as detailed above. Bizzell knew from reading the complaint form that disclosure of all prior civil cases was required. The complaint form expressly warns prisoners: "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL."  (Doc. 5 at 4). A penalty is warranted both to deter Bizzell from such conduct and to deter others from

similar misrepresentations and material omissions. *See Jones v. Warden of Statesville Corr. Ctr.*, 918 F. Supp 1142, 1151 (N.D. Ill. 1995) ("The knowing failure of a pro se litigant to admit to the filing of prior related complaints in answer to questions on the civil rights complaint form is conduct subject to sanctions by the court.").

### E.     The Appropriate Sanction is Dismissal Without Prejudice

"[F]ailure to comply with court rules requiring disclosures about a plaintiff's previous litigation constitutes an abuse of the judicial process warranting dismissal." *Sears*, 509 F. App'x at 936. The court should not allow Bizzell's false responses to go unpunished, especially where one of the cases he failed to disclose was a "strike" under 28 U.S.C. § 1915(g). If Bizzell suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. An appropriate sanction for Bizzell's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this case without prejudice. *See Rivera*, 144 F.3d at 731; *see also, e.g., Reynolds v. Lowery*, No. 18-10856-F, 2018 WL 4206932, *1 (11th Cir. Aug. 8, 2018) (holding that "the district court did not abuse its discretion in dismissing" the prisoner-plaintiff's "complaint as malicious, based on his failure to accurately disclose his prior litigation history"); *Schmidt v. Navarro*, 576 F. App'x 897, 899 (11th Cir. 2014) (same); *Redmon v. Lake Cnty. Sheriff's Off.*, 414 F. App'x

221, 226 (11th Cir. 2011) (holding that prisoner-plaintiff abused the judicial process, and that his amended complaint was properly dismissed as malicious, because the prisoner failed to disclose a federal lawsuit he initiated after filing his initial complaint, but before filing his amended complaint).

No lesser sanction would suffice to deter this type of conduct. For example, providing Bizzell an opportunity to amend his complaint to disclose the previous lawsuit would equate to overlooking his abuse of the judicial process, because that course of action would entail no penalty. *See Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006).

### III.  CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. This case be **DISMISSED** without prejudice, pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i), for maliciousness and abuse of the judicial process.

2. The clerk of the court be directed to enter judgment accordingly and close this case file.

At Pensacola, Florida, this 29th day of January, 2021.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**